66 F.3d 316
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ISLAND CREEK COAL COMPANY, Plaintiff-Appellee,
v.
LOCAL UNION 1254, UNITED MINE WORKERS OF AMERICA, Defendant-Appellant.
 
 No. 94-1752.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 Charles F. Donnelly, Molly Kettler Wade, Hostler Law Offices, Charleston, WV, for appellant.
 Roger A. Wolfe, Erin Elizabeth Magee, JACKSON & KELLY, Charleston, WV, for appellee.
 Before ERVIN, Chief Judge, and WILKINS and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The United Mine Workers (the Union) appeal from a district court order vacating an arbitration award and remanding the case for a de novo determination by another arbitrator. This dispute arose out of the Union's grievance charging Island Creek Coal Company (Island Creek) with violating Article IA, section (i) of the 1988 National Bituminous Coal Wage Agreement (NBCWA), to which the parties are signatories, by laying off Union construction workers while ongoing construction work was being performed for Island Creek by independent contractors. Section (i) provides:
 
 
 2
 All construction of mine or mine related facilities ... customarily performed by classified Employees of the Employer normally performing construction work in or about the mine in accordance with prior practice and custom, shall not be contracted out at any time unless all such Employees with necessary skills to perform the work are working no less than 5 days per week.
 
 
 3
 In August 1991, Island Creek hired independent contractors to construct a refuse area at its Alpine Preparation Plant. At the time, Island Creek employed twelve unionized workers on its construction crew, but they were busy working five days per week on other projects. It is undisputed that Island Creek did not violate the NBCWA by initially hiring the independent contractors. In December 1991, however, Island Creek laid off six of its construction crew members because they had finished their projects and the company had no other work for them. Subsequently, the Union filed a grievance charging that Island Creek's actions violated the collective bargaining agreement. The Union alleged that the independent contractors should have been terminated and replaced with Union workers once those workers were not working at least five days a week.
 
 
 4
 Pursuant to the NBCWA, the case was submitted to Arbitrator Bruce Boals, who found that Island Creek violated the NBCWA and awarded the workers back pay and other compensation. His entire discussion of the reasons for the award consisted of the following comment: "After careful consideration of all the evidence and argument, including exhibits and precedents, in light of the pertinent contract language, the Company is found to be in violation of the Argument [sic]."
 
 
 5
 Island Creek then filed an action to vacate the award, and the district court determined that the Arbitrator's failure to provide any discussion of Article IA(i) deprived it of its ability to ascertain whether his award "draws its essence from the 1988 Wage Agreement." Finding that a reasonable interpretation of Article IA(i) could require a different result, the district court remanded the case to the arbitrator for clarification of his decision. While the case was pending on remand, however, Arbitrator Boals died. The Union then filed a motion to re-open the case, which the district court granted. Because, however, the district court found that it was still in no position to determine whether the Arbitrator's award was proper, it vacated the award and remanded again for a de novo determination by another arbitrator.
 
 
 6
 On appeal, the Union argues that the arbitrator's award is not subject to judicial review, and that, by agreeing to the arbitration process, the Union has waived any rights to challenge the arbitrator's decision. In Cannelton Indus. v. District 17, United Mine Workers, 951 F.2d 591 (4th Cir.1991), we noted the policies underlying the "extremely limited" scope of judicial review over arbitration decisions. Id. at 593. We also commented, however, on the limitations to the arbitrator's discretion, noting that the arbitrator is "confined to interpretation and application of the collective bargaining agreement," and may not "dispense his own brand of industrial justice." Thus, "his award is legitimate only so long as it draws its essence from the collective bargaining agreement." Id. at 594 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29 (1987)).
 
 
 7
 The district court found the arbitrator's statement that he considered the "pertinent contract language" insufficient to inform the court whether his decision drew its essence from the collective bargaining agreement, relying on our decision in Clinchfield Coal Co. v. District 28, United Mine Workers & Local Union # 1452, 720 F.2d 1365 (4th Cir.1983), where we held that where "the arbitrator fails to discuss critical contract terminology, which terminology might reasonably require an opposite result, the award cannot be considered to draw its essence from the contract." Id. at 1369. While the Union argues on appeal that arbitrators are not required to give reasons for their decisions, we stated in Cannelton that despite the absence of any such requirement, "in some cases reviewing courts must rely on the arbitrator's reasoning to determine whether he was applying contractual terms or 'his own brand of industrial justice' to resolve disputes." See Cannelton Indus., 951 F.2d at 594.
 
 
 8
 The Union contends that the record reflects that the arbitrator's decision was based on the contract, construed within the context of industry custom and practice. The Union points to numerous arbitration decisions submitted by the parties for the arbitrator's consideration, which allegedly involved situations similar to the circumstances of this case. The Union contends that these precedents dictated the result reached by the arbitrator, but the decisions listed merely address whether the construction work performed in this case was of a type normally performed by Union workers. There is no contention that the arbitrator had before him any decision finding that Article IA(i) requires an employer to terminate an agreement with independent contractors lawfully entered into once its own construction workers become available for work. It is that issue, and not whether the work on the refuse area was of a type customarily performed by bargaining unit employees, which was central to this case.
 
 
 9
 The district court reasonably concluded that Article IA(i) could reasonably be interpreted to prohibit Island Creek only from entering into construction contracts while its construction employees were working at least five days per week, and did not require it to terminate a pre-existing contractual relationship once its employees became available for work. Thus, the critical contract language in this case could reasonably be read to require a result different from the result reached by the arbitrator. The Union avers that the language in our Clinchfield decision permitting remand of an arbitrator's decision for failure to discuss critical contract language which "might require a contrary result" is at odds with other authorities holding that an arbitrator's interpretation of a contract is not subject to judicial review, and has been modified by more recent decisions by this Court recognizing this limitation on judicial review. We reject this contention.
 
 
 10
 The district court did not find remand required because it believed that the contract could be interpreted in a manner different from the arbitrator's interpretation. Rather, the court found remand necessary because the arbitrator provided no interpretation of the critical contract provision relevant to the dispositive issue in this case. Had the arbitrator provided a reasoned finding that Article IA(i) prohibited the company from continuing to use independent contractors once its own workers became available, that decision, whether viewed as right or wrong by the district court, would not be subject to judicial review under the authorities cited by the Union. Because, however, the arbitrator offered no interpretation of the critical contract provision, the Union's argument is misplaced.
 
 
 11
 Accordingly, the order of the district court vacating the arbitration award and remanding for a de novo determination by another arbitrator is affirmed. We dispense with oral argument in view of our prior order granting the Appellee's unopposed motion to submit the case on the briefs, and because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.